Scribner, J.
It appears from the pleadings and the testimony in this case which is contained in a bill of exceptions, that the defendants in error —■ plaintiffs below • — ■ are the owners of two certain parcels of land situate in East ¡Toledo, within the corporate limits of the city of Toledo, and lying one upon either side of the line of railway of the defendant company, and also lying along and upon Fassett street, in that portion of the city. One parcel of these lands contains about 2.88 acres, and the other parcel about two acres of land. Upon one of these parcels there was at one time erected,and in use for many years, a hotel. This building, several years since, was destroyed by fire, and nothing remains of it except the foundations, constructed of stone, as I remember. There is situate upon the s.ame parcel a stable —'a small barn; upon the other parcel is located what was formerly used as a slaughter-house; it is now used for other purposes. As the grade of Passett street, along which both of these parcels are situate, was originally established by the municipal authorities, its grade line was about on a level with the line of railway of the Lake Shore Company, and also with the surface of these parcels of land, which have been for many years owned by the plaintiffs.
In the yaer 1889 the city council of the city of Toledo passed a resolution to which I will here refer:
“Resolved, by the common council of Toledo, that permission be, and is hereby, granted to the Lake Shore & Michigan Southern Railway Company to change the grade of their tracks where they cross Passett street, so that they shall be seven feet lower than the present elevation; provided, that said company shall put up and maintain suit *271 «ble and substantial bridge and approches over their tracks -on said Fassett street; and provided further, that they shall hold the city harmless against any cost or expense that may be occasioned by said changes, or for claims for damages that may be made by owners of contiguous property,on account of the change of grade herein contemplated.
“Adopted, May 6, 1889.
“Approved, May 13, 1889.”
On the 30th of June, 1890, the common council of the city of Toldo passed this additional resolution:
“Resolved, by the common council of Toledo, that the Lake Shore and Michigan Southern Railway Company be, and they are hereby,directed that in constructing the bridge over said company’s track at Fassett street, it is necessary that said bridge be built of iron, and that it be made not less than 24 feet wide center to center of trusses, with a sidewalk on each side not less than five feet wide, and that when said Fassett street-is graded so as to conform to said bridge, the street shall be graded its full width, and that said grading be done to the satisfaction of the committee on streets and the city civil- engineer. ”
This was adopted June'30th, 1890, and was approved on the 3d of July, 1890.
The railroad company, acting under the terms of this resolutions' of the council, proceeded to and did lower their tracks across Fassett street for a considerable distance, including that strip on which these parcels of real estate were situate which belonged to the plaintiffs below. That work was completed in the spring of 1891. The grade was 'lowered some seven feet below the original grade line of the ■street as established by the city authorities, an approach was constructed across the cut by the railway company, but at such a hight above the original surfacce as to render it proper and necessary for the railway company to provide approaches to the bridge for persons passing along the street and desiring to cross the bridge. The plaintiff below having made application to the company for compensation, *272 their application being denied, on the 16th of January, T892, brought their action against the railway company in the court of common pleas of Lucas county, claiming damages to a large amount for the injuries which they insisted they had sustained in the depreciation in the value of their property by reason of the lowering of this track, the construction of this railway, and the erection of a bridge with the approaches thereto, as shown in the proceedings. It was also claimed and it appears in the testimony in the case, that in making the improvement at that point the railway company had appropriated to its own use, and had taken and used, a small portion of the private property of the plaintiffs below, . and compensation was claimed for the value of that property, in addition to their claim for damages on account of the injuries done to the property not actually taken by the company in the making of its improvement.
The case was tried in the court of common pleas at the April term, 1893, and was closely contested, and it resulted in a verdict and judgment for the plaintiffs below in the sum of $2775. The Usual motion for a new trial was filed in the case, and this was overruled, and judgment rendered upon the verdict, A bill of exceptions was taken embodying all the testimony which had been given in the case, and also all the questions which had been passed upon and determined by the court during the progress of the trial. And this petition in error has been submitted to us upon certain questions which are raised, upon the record.
The principal point of contention is in regard to the proper measure of damages which should be applied in ascertaining and determining the rights of the plaintiffs below to recovery and the amount of the recovery. Certain requests were submitted after the evidence had been concluded, on the part of the plaintiffs, which were given, and certain requests were submitted on the part of the defend *273 ant, two of which were given and two of which were refused. The principal questions arise upon the action of the court below in refusing requests Nos. 2 and 3 of the defendant-below; and they was these:
“2. The plaintiffs are entitled to recover of the defendant for the injury which the improvements upon said property sustained, if any, in consequence of the fill or change in the grade of Fassett street, in front of said premises.”
This request is limited, to the injury which the improvements upon the property have sustained. It was refused.
3, (And it is upon this request that the principal question made in the case is clearly and directly presented:)
“The plaintiffs in this case are not entitled to recover of the defendant by reason of the fill or change of grade of Fassett street, a larger sum than they would be permitted to recover of the city, was this action against it; and the amount of recovery in such case against the city, by reason of the fill or grade of Fassett street, would be limited to the injury or damage which the improvements upon said premises sustained in consequence of such fill or change of grade of Fassett street.”
In connection with these requests of the defendant which were refused, it may be proper to read request No. 9 of the plaintiffs, which was given:
“In estimating the damages to be awarded to the plaintiffs for injury to any part of the property under the foregoing instructions, the jury will find and determine how much less the property so injured or damaged was worth after the acts of the defendant causing such injury or damage had been done, than it was before such acts were done by the defendant company; and, in addition to the total amount which the jury may find the plaintiffs entitled tó under the foregoing instructions, it will add interest from the time of the completion of the work by the defendant to the first day of the present term of this court, April 4, 1893.”
It will be proper also to read request No. 2 of plaintiffs below, which was given:
“In addition to the compensation thus assessed by the *274 jury for the value of the land taken by the defendant, if" the jury find that the remainder of the plaintiffs’ pioperty on the southwesterly side of said railroad was made less-valuable by reason of such part of same having been so-taken, in the manner and for the uses and purpose for which it was taken, you will also include in your verdict, as a part of the amount found in favor of the plaintiffs, the amount of such depreciation in value.”
It will be observed that the claim made on the part of the plaintiffs below, the owners of the property, was, that they were entitled to substantially the same measure of compensation as they would have been entitled to had the railroad-company, instead of acting by and under the authority of the city, instituted proceedings for the appropriation of' such property as they saw proper to use, and such interest in Fassett street upon which this property abutted, which they desired to use; while on the part of the defendant, the-railway company, it was claimed that the proceeding was to be regarded and treated substantially and in law the same as if.the improvement had been made by and under the-authority of the city for municipal purposes, in which event, if the city had proceeded to make the improvement in question here for its own purposes, for the convenience and benefit of the municipality, it might be still claimed, perhaps, that a different rule of damages should apply in measuring- and estimating the compensation that the two owners would be entitled to demand and receive, than should be applied in a case where a private corporation, — -quasi public, it is true, but nevertheless a private corporation — had proceeded ■to make use of property in the streets and other property abutting upon the property of plaintiffs below in part, and belonging to the plaintiffs below in part, for its private uses- and purposes.
Bo far as the amount of the damages returned by the jury is concerned, if the plaintiffs are right in their claim as to» *275 the rule of compensation that should be applied, it would scarcely be proper for us to interfere with the verdict of the jury upon the question of fact as to the amount of the injury which the plaintiffs had sustained — us to the extent of the depreciation and the diminution in value, and the inconveniences to which the plaintiffs were subjected. Upon these questions of fact evidence upon both sides was submitted to the jury, and we should scarcely feel warranted in undertaking to interfere with the conclusion reached by the jury upon a full consideration of the testimony adduced on both sides. So far as this court is concerned, we feel that our whole duty is discharged when we determine the legal proposition which is presented, as I have already stated.
The Revised Statutes of Ohio, sec. 3283, is as follows:
“If it be necessary, in the location of any part of a railroad, to occupy any public road, street, alley, way, or ground of any kind, or any part thereof, the municipal or other corporation, or public officers or authorities, owning or having charge thereof, and the company, may agree upon the manner, terms, and conditions upon which the same may be used or occupied; and if the.parties be unable to agree thereon, and it be necesary, in the judgment of the directors of such company, to use or occupy such road, street, alley, way, or ground, such company may appropriate so much of the same as may be necessary for the purposes of its road, in the manner and upon the same terms as is provided for the appropriation of the property of individuals; but every company which lays a track upon any such street, alley, road, or ground, shall be responsible for injuries done thereby to private or public property lying upon or near to such ground, which may be recovered by civil action brought by the owner, before the proper court, at any time within two years from the completion of such track.”
And sec. 3284 bears upon the same subject:
“A company may, whenever it is necessary in the construction of its road to cross a road or a stream of water, divert the same from its location or bed; but the company *276 shall, without unnecessary delay, place such road or stream in such condition as not to impair its former usefulness; and any or all railroads hereafter constructed, which shall cross any avenue or public highway leading from a city of the first or second class, to a public cemetery of such city, situate within or without the limits of any such city, shall be constructed so as either to pass under or over such avenue or public highway, at such elevation or depression, as the case may be, as will allow the unobstructed passage of all wagons,carriages, or other vehicles which it may be necessary for any person to use upon such avenue or public highway.”
There is another section bearing upon the question arising in this case, which I will not stop to read, which I think is sec. 3324.
In the ease of R. R. Co. v. O’Hara, 48 Ohio St., 343, the court in the opinion, delivered by Minshall, J., uses this language, after referring to some of the statutes bearing upon the subject:
‘‘It is apparent from its terms, that this case does not come within the provision of this statute. (Sec. 3283, R. S.) It is not a suit for injuries done to-any property lying upon or near the roadway, and to which the statute only by its terms applies; it is a suit brought by one claiming to be the owner in fee simple of the roadway itself, to compel -the company to appropriate and pay for the land as provided in sec. 6448, R. S. The fact that the road was occupied by the company under an agreement with the commissioners of the county, as provided in sec, 3283, does not in any way affect the right of the owner in fee of the soilcf the road to be compensated for the appropriation of h's property. The distinction is properly stated in R. R. Co. v. Williams, 35 Ohio St., 168, 172, where it is said, ‘In such case, the rights of the public, and the rights of the owner, are entirely distinct; and the consent, express or implied, of one to the appropriation, would not bind or affect the rights of the other.’ Where, however, the highway is occupied by the company under an agreement with the public authorities having control of it, the owner may compel the institution of proceedings for its condemnation under sec. 6448, R. S. Railroad Co. v. Robbins, 35 Ohio St., 531, supra.”
*277 The proposition that we deduce from this language of the court although the case is not strictly analogous to the facts of the case at bar, is this: that by no arrangement with the municipal authorities can the railway company in any manner impair the value of property abutting upon a highway or a public street of the city on the strength of the proposition that the city itself for its uses might take the property and not be liable to compensation such as would be required at the hands of a private corporation. The railroad company should not be permitted to shelter itself from a liability to compensate a private property owner for damages which he has sustained by reason of the acts of the railway company, such as are complained of here, upon the theory and doctrine that the city would not be liable to the extent which a private corporation might ordinarily be made liable, and thereby this corporation, in the making of this improvement and the making of this change, acting by and with the authority of the city, be protected except to the extent that the city would be liable.
We have not been able to find any authority directly determining this proposition, other than some cases in the circuit courts which seem to sustain the doctrine of the plaintiffs below, and which are really against the proposition submitted on behalf of the railway company. In the second case of R. R. Co. v. O’Harra, 50 Ohio St., 667, the court there rule that the owner of lands along which a public highway passes, which has been used by a railway company, may bring his action against the railway company ordinarily during his lifetime; yet upon his death his title descends to his heirs, and they must institute and maintain the action for damages arising by reason of the construction and operation of the railway in the highway passing by the lands of the owner, on the ground that the title of the lands used by the railway company, under such circumstances, *278 ■remains in the owner of the abutting property, and upon his death, passes to his heirs; but the court say:
E. D. Potter, Jr., for Plaintiff in Error,
Predi & Wilson, for Defendant in Error.
“The administrator cannot recover the land, nor compel compensation to be made, for, as shown in R. R. Co. v. Perkins, this can only be done by the ‘owner’of the property taken. But as to the damages which accrued in the life-time of the decedent from the wrongful use made of her lands, the interruption of her easement, and the consequential injuries to her other lands, and for which she could have maintained a personal action, the case is different.’’
Recognizing very clearly, as we undersrand the doctrine, 'that where a railroad company is making use of the public highway the legal title to which is in the owner of the abutting real estate, while no action can be maintained by an administrator of a deceased owner of the lands to recover the value of the interest in the public highway taken,that nevertheless, so far as the deceased owner has suffered personally any inconvenience from the use made of the public highway, the administrator may recover.
These are the principal questions presented in this case, as we understand it, and all we deem it necessary to support an opinion upon, We have gone carefully through the briefs of counsel and the authorities cited, and our conclusion is that there is no error in the record, and that the judgment of the court of common pleas must be affirmed; and it is so ordered,